UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UBS SECURITIES LLC, and
UBS LOAN FINANCE LLC,

                Plaintiffs,

v.

THE FINISH LINE, INC., and
GENESCO INC.,

                Defendants.

07-CV-10382
(LAP/MHD)

ANSWER OF DEFENDANT
GENESCO INC.

---

    Defendant Genesco Inc. ("Genesco" or "the Company"), for its answer to the Amended Complaint of Plaintiffs UBS Securities LLC and UBS Loan Finance LLC (collectively "UBS"), states as follows:

## ANSWER

    1.    Genesco admits that the Company and The Finish Line, Inc. ("Finish Line") are required to merge pursuant to a merger agreement dated June 17, 2007 ("Merger Agreement" or "Agreement"), and that the Chancery Court for the Twentieth Judicial District of the State of Tennessee ("the Tennessee Court") has found Finish Line to be in breach of the Agreement, has ordered Finish Line to use its "reasonable best efforts" to secure the financing promised by UBS, and has ordered Finish Line to consummate the merger in accordance with the terms of the Agreement. Genesco further admits that the merger has commonly been characterized as a $1.5 billion transaction.

    2.    Genesco admits that the Merger Agreement contemplated, in the first instance, that Finish Line would finance the transaction with funds borrowed from UBS

and that the Tennessee Court has ordered Finish Line to use its "reasonable best efforts" to obtain financing to consummate the merger.  All remaining allegations of Paragraph 2 are denied.

   3. Genesco admits that Finish Line and UBS executed a commitment letter on June 17, 2007 ("Commitment Letter"), which speaks for itself.  Genesco refers the Court to the Commitment Letter for an understanding of its terms and denies all remaining allegations of Paragraph 3.

   4. The allegations of Paragraph 4 of the Amended Complaint appear to summarize the relief sought by Plaintiffs.  Genesco denies that UBS is entitled to the relief stated here, or to any other relief.

   5. Denied.  Genesco refers the Court to the Commitment Letter for an understanding of its terms.

   6. Denied.  Genesco refers the Court to the Memorandum and Order issued by the Tennessee Court, dated December 27, 2007, in *Genesco, Inc. v. The Finish Line, Inc. et al.*, Civil No. 07-2137-II (III) (20th Div. Tenn. Chancery Ct.), for an understanding of the Tennessee Court's findings and rulings.

   7. Genesco admits that its stock traded at $33.04 per share at the close of the market on January 11, 2008.  Genesco denies all remaining allegations of Paragraph 7.

   8. Genesco is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies those allegations.

   9. Genesco is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies those allegations.

   10. Admitted.

11.     Admitted.

12.     The allegations contained in Paragraph 12 of the Amended Complaint state conclusions of law as to which no response is required.

13.     The allegations contained in Paragraph 13 of the Amended Complaint state conclusions of law as to which no response is required.

14.     Genesco does not contest jurisdiction in this Court.

15.     Denied.

16.     Genesco does not contest venue in this Court for the limited purpose of determining solvency as generally alleged in the Amended Complaint.

17.     To the extent that Paragraph 17 of the Amended Complaint purports to paraphrase or quote from the Commitment Letter, Genesco refers the Court to that document for an understanding of its terms.  Genesco does not contest venue in this Court, however, for the limited purpose of determining solvency as generally alleged in the Amended Complaint.

18.     Denied.  Genesco refers the Court to the Commitment Letter for an understanding of its terms.

19.     Denied.  Genesco refers the Court to the Commitment Letter for an understanding of its terms.

20.     Denied.  Genesco refers the Court to the Commitment Letter for an understanding of its terms.

21.     Denied.  Genesco refers the Court to the Commitment Letter for an understanding of its terms.

22.     Denied.  Genesco refers the Court to the Commitment Letter for an understanding of its terms.

23. Denied. Genesco refers the Court to the Commitment Letter for an understanding of its terms.

24. Genesco admits that on August 30, 2007, it announced its 2nd quarter results and that it reported a net loss of $0.13 per share, which included $0.13 per share of merger-related expenses. Genesco also admits that it reported net earnings of $0.26 for the 2nd quarter in 2006. Genesco denies the remaining allegations of Paragraph 24.

25. Genesco admits that on November 29, 2007, it announced its 3rd quarter results and that it reported net earnings of $0.23 per share. Genesco also admits that it reported net earnings of $0.62 per share for the 3nd quarter of 2006. Genesco denies the remaining allegations of Paragraph 25.

26. Genesco admits that its earnings in the current fiscal year have declined in comparison to the earnings of comparable quarters of the prior fiscal year and denies the remaining allegations of Paragraph 26.

27. Denied.

28. Genesco is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies those allegations.

29. Genesco is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore denies those allegations.

30. Genesco admits that the Commitment Letter provides for a "solvency certificate". Genesco refers the Court to the Commitment Letter for an understanding of its terms.

31. Denied.

32. Denied. Both UBS and Finish Line acknowledged in the Commitment Letter that projections are inherently unreliable. Genesco asserts that both a confidentiality agreement and

the Merger Agreement prohibit Finish Line from relying on information unless the information was embodied in a representation or warranty in the Merger Agreement itself. UBS has admitted that it received information as Finish Line's agent and that it is bound by the terms of the confidentiality agreement. UBS's rights are no greater than those of Finish Line, and UBS cannot rely on such statements either. Genesco also asserts that the Tennessee Court ruled as a matter of law that Finish Line was not entitled to rely on such representations.

33. Denied.

34. Denied. Genesco asserts that Finish Line can provide a "solvency certificate" as required by the Commitment Letter and that the Order of the Tennessee Court requires it to do so.

35. Denied. Genesco refers the Court to the Commitment Letter for an understanding of its terms.

36. Denied. Genesco refers the Court to the Commitment Letter for an understanding of its terms.

37. Denied. Genesco refers the Court to the Commitment Letter for an understanding of its terms.

38. Denied. Genesco refers the Court to the Commitment Letter for an understanding of its terms.

39. Denied. Genesco refers the Court to the Commitment Letter for an understanding of its terms.

<u>**CLAIM FOR RELIEF – COUNT 1**</u>

40. Genesco hereby incorporates its answers to the allegations in Paragraphs 1-39 above.

41. Denied.

42. Denied. Genesco asserts that Finish Line can provide a "solvency certificate" as required by the Commitment Letter and that the Order of the Tennessee Court requires it to do so.

43. Denied. Genesco admits, however, that the parties dispute issues related to the satisfaction of Finish Line's and UBS's obligations under the Commitment Letter.

## AFFIRMATIVE DEFENSES

### First Defense

44. Plaintiffs lack standing to raise any claims based on the Merger Agreement or based on statements allegedly made by Genesco or its advisors to Finish Line or its advisors, including UBS.

### Second Defense

45. Plaintiffs' claim is barred by the doctrine of waiver.

### Third Defense

46. Plaintiffs' claim is barred because Plaintiffs come onto this proceeding with unclean hands.

### Fourth Defense

47. Plaintiffs' claim is barred because Plaintiffs failed to exercise reasonable due diligence.

### Fifth Defense

48. Plaintiffs are barred from asserting any claim, defense, allegation or argument inconsistent with the December 27, 2007 Order and Memorandum in *Genesco, Inc. v. The Finish*

*Line, Inc. et al.,* Civil No. 07-2137-II (III) (20th Div. Tenn. Chancery Ct.).

### Sixth Defense

49.     Plaintiffs have failed to state a claim upon which relief can be granted.

### Seventh Defense

50.     Plaintiffs' claim is barred by principles of equitable estoppel.


WHEREFORE, Genesco demands that Plaintiffs' Amended Complaint be dismissed with prejudice, with costs and fees, including any attorneys' fees, taxed to Defendant Genesco, and for such other and further relief as the Court deems just and proper.


Dated:  January 11, 2008                              BOIES, SCHILLER & FLEXNER LLP

By:     /s/ Jonathan D. Schiller
        Jonathan D. Schiller
        David R. Boyd
        James P. Denvir
        Michael A. Brille
        Adam R. Shaw (AS-7671)
        575 Lexington Avenue
        New York, New York 10022
        Tel: (212) 446-2300
        Fax: (212) 446-2350

BASS, BERRY & SIMS, PLC
        Overton Thompson III
        Britt Latham
        Bryan E. Larson
        315 Deaderick Street
        Suite 2700
        Nashville, TN 37238
        Tel: (615) 742-7730
        Fax: (615) 742-2804

*Attorneys for Defendant Genesco Inc.*

7