UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UBS SECURITIES LLC, and
UBS LOAN FINANCE LLC,

                    Plaintiffs,                      07-CV-10382 (LAP/MHD)

    v.

THE FINISH LINE, INC., and
GENESCO INC.,

                    Defendants.

---

## GENESCO'S REPLY MEMORANDUM IN SUPPORT
## OF ITS MOTION TO DISMISS OR ABSTAIN

**BASS, BERRY & SIMS, PLC**
Overton Thompson III (*pro hac vice*)
Britt Latham (*pro hac vice*)
Bryan Larson (*pro hac vice*)
315 Deaderick Street
Suite 2700
Nashville, TN 37238
Tel: (615) 742-7730
Fax: (615) 742-2804

**BOIES, SCHILLER & FLEXNER LLP**
James P. Denvir (*pro hac vice*)
Michael A. Brille (*pro hac vice*)
William C. Jackson
Jonathan M. Shaw (*pro hac vice*)
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Tel:(202) 237-2727
Fax: (202) 237-6131

Adam R. Shaw (AS-7671)
575 Lexington Avenue
7th Floor
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Defendant Genesco, Inc.*

Genesco submits this Reply Memorandum in support of its Motion to Dismiss or Abstain ("Genesco Motion").[1]

**I.  Finish Line's Counts I-III, V And VI, As Well As UBS's Amended Complaint ¶¶ 42(b), 42(c), and 42(i) Are Not Properly Before This Court Because They Raise Issues Under The Merger Agreement.**

Finish Line and Genesco "irrevocably submit[ted] to the *exclusive jurisdiction and venue* of the courts of the State of Tennessee … in any Action arising out of or relating to" the Merger Agreement.  Merger Agreement § 9.8 (emphasis added).  Finish Line argues that this provision is not mandatory, asserting that "the Merger Agreement nowhere makes the Tennessee courts (or any other court) the exclusive forum for hearing all claims 'arising out of' or 'relating to' the agreement."  Finish Line Memorandum in Response to Genesco Motion ("Finish Line Response"), p. 6.  Finish Line's argument is inconsistent both with the Merger Agreement's language and with Finish Line's position in its Tennessee counterclaim:  "In Section 9.8 of [the Merger Agreement], Genesco, Finish Line and Headwind agreed that any action arising out of or relating to that agreement could be brought solely in a Tennessee state or federal court."  Shaw Decl. Ex. 1, Counterclaim ¶ 8.

Remarkably, despite its contrary position in Tennessee, Finish Line now argues that Section 9.8 is not a forum selection provision at all.  Finish Line rests its tortured argument in part on the fact that "[n]*o provision* of the Merger Agreement bears the label 'Forum Selection Clause[.]'"  Finish Line Response at 6 (emphasis in original).  The absence of such a heading, however, has no effect on the meaning of the Merger Agreement's substantive provisions, as the parties specifically agreed in Section 9.10(b).  Merger Agreement § 9.10(b) (The "headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.").  Thus, Section 9.8's heading is irrelevant.[2]  Nor

---

[1] Capitalized defined terms in this Reply follow the definitions used in the Genesco Motion.

[2] Even if section headings *were* relevant, Finish Line incorrectly quotes the heading of Section 9.8, inserting a colon in place of the semicolon that appears between "Submission to Jurisdiction"

does the additional language in that section, which spells out certain rights that Genesco and
Finish Line mutually waived, undercut the plain meaning of the "exclusive jurisdiction and
venue" language. Genesco simply asks the Court to honor the parties' agreement and forum
selection clause as written. *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers &
Distributors Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) (ruling that forum selection clauses "will be
enforced") (citing authorities).

II.    **Whether The Merger Agreement Would Result In A Fraudulent Conveyance or Illegal
       Transfer Arises Out Of And Relates To The Merger Agreement And Should Be Resolved
       By The Tennessee Court.**

       Both Finish Line and UBS argue that this Court should declare the impact of insolvency
on the parties' rights and obligations under the Merger Agreement. Genesco does not dispute
that UBS has the option of litigating the limited issue of solvency under the Commitment Letter
here. Genesco does, however, dispute UBS's and Finish Line's back door attempts to litigate
issues that arise under the Merger Agreement and are not properly before this Court. As an
initial matter, and contrary to UBS's assertion, UBS Memorandum in Response to Genesco
Motion ("UBS Response"), p. 5, UBS is not *required* to bring its claims in this Court. The forum
selection clause in the Commitment Letter binds only Finish Line – not UBS. That clause
provides "*You* hereby submit to the exclusive jurisdiction of the federal and New York State
courts located in The City of New York (and appellate courts thereof) in connection with any
dispute related to this Commitment Letter or any of the matters contemplated hereby[.]"
Commitment Letter at 9 (emphasis added). The Commitment Letter defines "You" as Finish

---

and "Waiver" in that heading, to support its claim that the latter should be read as modifying the
former. Finish Line Response at 6. In the sections in the Merger Agreement that address more
than one topic, the section heading separates topics by semicolons. *See, e.g.,* Merger Agreement §
3.5 (SEC Filings; Financial Statements; Undisclosed Liabilities); § 3.18 (Board Approvals; Anti-
Takeover, Vote Required); § 3.24 (No Other Representations or Warranties; Investigation by
Parent); § 5 (Conduct of Business Pending the Merger; No Solicitation; Employee Matters); § 9.5
(Binding Effect; No Assignment; No Third-Party Beneficiaries). Thus, waiver is simply the
second of two topics addressed in Section 9.8 and in no way modifies the first. Merger
Agreement § 9.8 ("Submission to Jurisdiction; Waiver").

Line. Commitment Letter at 1. Therefore, UBS was not required to bring its claim in New York and could have asserted it in Tennessee.

Regardless, after submitting some issues under the Commitment Letter to the Tennessee Court – and losing – UBS and Finish Line now argue that the issue of whether consummating the Merger Agreement would constitute a fraudulent transfer or illegal distribution does not "aris[e] out of or relat[e] to" the Merger Agreement.[3] UBS and Finish Line are wrong. Any declaration concerning whether the merger would violate fraudulent transfer or illegal distribution statutes would necessarily address the legal effect of a transfer or distribution of funds expressly provided for and undertaken only as a result of enforcement of rights and obligations set forth in the Merger Agreement.[4] UBS, in fact, concedes that the litigation of these claims would involve "interpretation of a separate agreement [i.e., the Merger Agreement] before the state court[.]" UBS Response at 6. Even if fraudulent transfer or illegal distribution statutes were implicated (which they are not), the Tennessee Court retains exclusive jurisdiction over such issues, and is the appropriate court to determine whether performance of the Merger Agreement would violate such statutes. Accordingly, those claims should be dismissed.

---

[3] If these questions truly do not arise from the Merger Agreement, then their disposition should not bind Genesco, either directly or indirectly through Finish Line.

[4] Any attempt to litigate fraudulent transfer issues fails to account for the fact that any purported fraudulent transfer claim becomes ripe only after the transfer has occurred, which has not yet happened. See Hamilton v. Gleaves, 316 S.W.2d 335, 341 (Tenn. Ct. App. 1958) ("The rule is that in order that a conveyance for transfer may be attacked as fraudulent and void as against creditors, it is necessary that prejudice to their rights has resulted"). In addition, neither Finish Line nor UBS is an injured (that is, unpaid) creditor of the Combined Entity. As a result, under well-settled law, neither party has standing to challenge the merger as a fraudulent transfer. See, e.g., Harbinger Capital Partners Master Fund I, Ltd. v. Granite Broadcasting Corp., 906 A.2d 218, 223 (Del. Ch. 2006)(dismissing plaintiff's claim to "enjoin certain sales of assets that, allegedly, [ ] constitute transfers in fraud of the [defendant] corporation's current and future creditors" because plaintiff was not a "creditor" of the defendant, and therefore, lacked standing to challenge the conveyance) (applying New York fraudulent conveyance laws, which are identical to those of Tennessee and Indiana in that they confer standing only on creditors). Presently, there are no injured creditors of the Combined Entity and none of the potential, prospective unpaid creditors is being preemptively denied that remedy should future circumstances and facts warrant.

UBS also argues that all of its claims should be heard here because, in its November 29 Order, the Tennessee Court indicated that it would not address the issue of "insolvency '*and other claims....*'" UBS Response at 3 (quoting Shapiro Decl. Ex. 5, p. 5) (emphasis in original). The ellipsis in UBS's selective quotation is important – and telling. The full quote reads "and other claims *pending in New York.*" Shapiro Decl. Ex. 5 at 5 (emphasis added). The only claims "pending in New York" on November 29 were those in UBS's original complaint, which sought declarations that the Combined Entity would be insolvent and that Finish Line could not deliver a solvency certificate. Jackson Decl. Ex. 8. A month later, on December 29, the Tennessee Court made clear in the Tennessee Order – the Order Genesco cited to this Court – that that court understood and intended that the only issue it would not address was solvency. The only issues pending in this Court at any time before December 27 were solvency and Finish Line's ability to furnish a solvency certificate. The additional "other issues" now identified by UBS and Finish Line were all added after they lost on every issue in Tennessee.

In addition, Genesco respectfully submits that this Court should not expand its inquiry beyond the simple issue of solvency (and, potentially, the debt level at which solvency exists) because: (i) the Tennessee Court, which has plenary jurisdiction over the parties, declined to address only a narrowly defined issue that UBS had already presented to this Court – the solvency of the Combined Entity; (ii) the Tennessee Court already has resolved issues relating to the Commitment Letter and is capable of resolving other such issues; and (iii) Genesco did not contest venue in this Court, but only because it understood that its consideration would be limited to the narrow issue of solvency under the Commitment Letter, *see* Genesco's Answer to UBS's Amended Complaint, ¶¶ 16, 17 ("Genesco does not contest venue in this Court for the limited purpose of determining solvency as generally alleged in the Amended Complaint."). Genesco respectfully urges this Court to adjudicate only solvency, and to dismiss or abstain from ruling on other issues which arise under or relate to the Merger Agreement.

III.    *Brillhart* **Abstention Is Appropriate Because The Actions Are, In Fact, Parallel.**

Finally, UBS argues that this Court should not abstain from deciding UBS's claims

because this action and the Tennessee action are not "parallel[.]" UBS Response at 5-7. Under

*Brillhart* and its progeny, however, the cases need not be identical or even very similar to be

"parallel." Rather, they must merely "present[ an] opportunity for ventilation of the same state

law issues." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995); *see also National Union Fire Ins.*

*Co v. Warrantech Corp.*, No. 00-cv-5007 (NRB), 2001 WL 194903, at *3 (S.D.N.Y. Feb. 27, 2001)

(holding that even if there is not an absolute commonality of claims between state and federal

actions, abstention is appropriate where the absent claims are "readily assertable as defenses to

the third party claims and/or counterclaims in that [state] suit"); *Machat v. Sklar*, No. 96-cv-3796

(SS), 1997 WL 599384, at *8 (S.D.N.Y. Sept. 29, 1997) (abstention proper where cases are

substantially similar: "[w]hat matters is that the claims concern the same events . . . and involve

sufficient overlap of subject matter"). Even a cursory examination reveals significant overlap

between the issues and subject matter implicated in the Tennessee action and those in this case.

Indeed, a central element of Finish Line's and UBS's claims and defenses in the Tennessee

Action was whether Genesco's financial performance rendered it or the merged entity financially

weakened and unable to meet its obligations as they came due. *See* Jackson Decl. Ex. 10 at 42.

Another element concerned UBS's allegations of fraud, which were adjudicated in Tennessee but

which UBS has nevertheless raised once more in this action. UBS Memorandum in support of

Motion to Dismiss at 4. Given that all parties to this case are joined in Tennessee, and that this

action involves only matters of state law, the two actions should be considered parallel.

Moreover, because it involves adjudication of Genesco's satisfaction of conditions and all

of Finish Line's and UBS's claimed Material Adverse Effects and fraud, the Tennessee Action is

undoubtedly broader than this action. To the extent that Finish Line's and UBS's issues are not

currently a part of the Tennessee Action, they could easily be raised there as defenses or

5

counterclaims. *See Troiano v. Mardovich*, No. 06-cv-523 (LAP), 2006 WL 2320517 (S.D.N.Y.

Aug. 10, 2006) (Preska, J.) at *4-5 (abstaining from adjudicating declaratory judgment action in

favor of broader, parallel state court action); *Caisse Nationale De Credit Agricole v. Bank of Tokyo-*

*Mitshubishi Trust*, No. 97-cv-588 (PKL), 1997 WL 345216, at *4-5 (S.D.N.Y. June 20, 1997)

(granting abstention where dispute between banks concerning participation in loan was within

the scope of a broader state court action involving more related issues).

## CONCLUSION

Genesco respectfully requests that the Court dismiss Finish Line Counts I-III, V, and VI,

as well as UBS's proposed declarations in ¶¶ 42(b), 42(c), and 42(i). In the alternative, Genesco

requests that the Court abstain from ruling on any of those claims and on the allegations in

Finish Line Count IV that implicate the Merger Agreement.


Respectfully submitted,

February 11, 2008                         BOIES, SCHILLER & FLEXNER LLP


                                  By:    _____
                                         James P. Denvir (*pro hac vice*)
                                         Michael A. Brille (*pro hac vice*)
                                         William C. Jackson
                                         Jonathan M. Shaw (*pro hac vice*)
                                         5301 Wisconsin Avenue, N.W.
                                         Suite 800
                                         Washington, D.C. 20015
                                         Tel: (202) 237-2727
                                         Fax: (202) 237-6131

                                         Adam R. Shaw (AS-7671)
                                         575 Lexington Avenue
                                         7th Floor
                                         New York, New York 10022
                                         Tel: (212) 446-2300
                                         Fax: (212) 446-2350

                                         BASS, BERRY & SIMS, PLC
                                         Overton Thompson III (*pro hac vice*)
                                         Britt Latham (*pro hac vice*)

Bryan Larson (*pro hac vice*)
315 Deaderick Street
Suite 2700
Nashville, TN 37238
Tel: (615) 742-7730
Fax: (615) 742-2804

*Attorneys for Defendant Genesco Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UBS SECURITIES LLC and
UBS LOAN FINANCE LLC,

                                                    07-CV-10382
                                                    (LAP/MHD)

                              Plaintiffs,

    v.

THE FINISH LINE, INC and
GENESCO INC.,

                              Defendants.

---

    I, Zachary Bendiner, being duly sworn, depose and say that I am over the age of eighteen and that on the 11th day of February, 2008, I caused true and correct copies of Genesco's Reply Memorandum in Support of its Motion to Dismiss or Abstain, the Declaration of Jonathan M. Shaw in Support of Defendant Genesco's Reply in Support of its Motion to Dismiss, and the accompanying exhibit to be served on the following individuals by email and First Class Mail:

Joseph John Frank
Alexandra A. E. Shapiro
Latham & Watkins, LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212)-906-1316
(212)-751-4864 (fax)
joseph.frank@lw.com
alexandra.shapiro@lw.com
*Attorney for Plaintiffs UBS Loan Finance L.L.C. and UBS Securities L.L.C.*

Harvey Kurzweil
James P. Smith
Dewey & LeBoeuf, L.L.P.
1301 Avenue of the Americas
New York, NY 10019
212-259-8000
212-259-6333 (fax)
hkurzweil@dl.com
lpmco@dl.com
*Attorneys for The Finish Line, Inc.*

Alan N. Salpeter
Vincent P. Schmeltz
Dewer & LeBoeuf
2 Prudential Plaza
180 North Stetson Avenue
Chicago IL 60601
asalpeter@dl.com
vschmeltz@dl.com
*Attorneys for The Finish Line, Inc.*

February 11, 2008

_____
Zachary H. Bendiner

2