UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBS SECURITIES LLC and
UBS LOAN FINANCE LLC,

    Plaintiffs/Counter-Defendants,

v.

THE FINISH LINE, INC.,

    Defendant/Counter-Plaintiff,

and

GENESCO INC.,

    Defendant.

No. 07 Civ. 10382 (LAP)

**PLAINTIFFS UBS SECURITIES LLC AND UBS LOAN FINANCE LLC'S
MEMORANDUM OF LAW REGARDING THE NON-JUSTICIABILITY OF
COUNTS IV AND V OF DEFENDANT THE FINISH LINE, INC.'S COUNTERCLAIMS**

## INTRODUCTION

On February 13, 2008, this Court issued an order ("February 13 Order") requesting further briefing on UBS Securities LLC and UBS Loan Finance's (collectively, "UBS") Motion to Dismiss Counts IV-VI of Defendant The Finish Line, Inc.'s ("Finish Line") Counterclaims. The Court stated:

> Two of The Finish Line's claims (IV and V) are predicated on a hypothetical scenario whereby UBS withholds its approval of a renegotiated purchase price pursuant to a clause in the Commitment Letter ... As it stands, Genesco and The Finish Line have not negotiated an amendment to the Acquisition Agreement, and thus, UBS has neither given nor withheld its consent to such an amendment.

(February 13 Order at 1-2.) Given the hypothetical nature of Counts IV and V, the Court requested that the parties brief the issue of whether those Counts "are presently justiciable." (*Id.* at 2.) For the reasons set forth below, Counts IV and V should be dismissed because they seek a non-justiciable advisory opinion.

## ARGUMENT

Article III of the Constitution limits the jurisdiction of the federal courts to cases in which "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Courts lack subject matter jurisdiction when no actual case or controversy exists between the parties. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937); *Dr. Reddy's Labs., Ltd. v. AaiPharma, Inc.*, No. 01 Civ. 10102 (LAP), 2002 WL 31059289, at *5 (S.D.N.Y. Sept. 13, 2002). An actual controversy is one that is definite and concrete, not abstract or hypothetical. *See, e.g., Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F. 3d 384, 389 (2d Cir. 2005); *Marchi v. Bd. of Coop. Educ. Servs.*, 173 F.3d 469, 478 (2d Cir. 1999).

Counts IV and V are not justiciable for the very reason identified by the Court in its Order, namely that these Counts "are predicated on a hypothetical scenario." (February 13 Order at 1.) Specifically, Genesco and Finish Line have not agreed to a renegotiated price to be paid to Genesco's shareholders. Moreover, even if they had such an agreement, there are several additional steps that Genesco and Finish Line would have to take *in addition to obtaining UBS's consent* before Counts IV and V would be ripe. Finish Line and Genesco might need to negotiate and execute a new merger agreement approved by each company's board of directors. Genesco would also need to seek the approval of its shareholders for the new transaction. That would require a new proxy statement reflecting the new merger terms, regulatory review, and a properly-scheduled shareholder meeting. And, depending upon the nature of the renegotiated transaction, Finish Line also might need to obtain the approval of its shareholders. None of these steps has been accomplished.

As such, Counts IV and V do not present a justiciable controversy; rather, they amount to "an abstract tower of hypotheticals stacked like a house of cards on suppositions piled on top of speculations . . ." *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 417 (S.D.N.Y. 2002) (claim not justiciable where it relied on numerous contingencies); *see also Hayes v. Carlin Am., Inc.*, 168 F. Supp. 2d 154, 159-60 (S.D.N.Y. 2001). The "speculative contingencies" on which Counts IV and V are predicated "afford no basis for [the Court to] pass[] on" those Counts. *Armstrong v. Ward*, 529 F.2d 1132, 1136 (2d Cir. 1976) (quoting *Hall v. Beals*, 396 U.S. 45, 49 (1969)); *see also Nat'l Union Fire Ins. Co. v. BP Amoco P.L.C.*, 319 F. Supp. 2d 352, 372-73 (S.D.N.Y. 2004) (ripeness lacking when claim rested on a "mere possibility"). Until the hypothetical new merger agreement between Genesco and Finish Line on which Counts IV and V are premised is actually negotiated and executed, and approved by each company's board of directors and/or shareholders, any adjudication regarding that agreement,

2

including its effect on UBS's obligations under the Commitment Letter, would constitute an advisory opinion. *See Mini Theatres v. New Line Distrib., Inc.*, No. 98 Civ. 2997 (SHS), 1998 WL 637465, at *2 (S.D.N.Y. Sept. 17, 1998) ("Court[s] [are] unable to issue an advisory opinion which would constitute gratuitous comment on a provision of a contract that conceivably may never be executed."); *N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters, AFL-CIO*, No. 04 Civ. 9949 (KMK), 2005 WL 646350, at *10 (S.D.N.Y. Mar. 21, 2005) (declining to opine on issues that affect ongoing negotiations between contractual counterparties); *see generally Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993).[1]

Any dispute arising out of a hypothetical renegotiated agreement "may be settled [] or may never arise," meaning that a "decision regarding such future rights would be advisory only." *Hayes*, 168 F. Supp. 2d at 159-60. Thus, the injury alleged by Finish Line—UBS's refusal to fund a potential new deal with a lower purchase price—is conjectural and not actionable. *See, e.g., Advanced Global Tech., LLC v. XM Satellite Radio, Inc.*, No. 07 Civ. 3654 (JSR), 2007 WL 3196208, at *3 (S.D.N.Y. Oct. 29, 2007) (no case or controversy where plaintiff

---

[1] Moreover, any renegotiated agreement on price would not trigger UBS's obligations under the Commitment Letter without UBS first consenting to any renegotiated deal. For the reasons set forth in UBS's Memorandum in Support of Its Motion to Dismiss Counts IV-VI of Finish Line's Counterclaims, dated February 6, 2008 ("UBS Opening Br."), any renegotiated purchase price would cause conditions to closing under the Commitment Letter to fail. (UBS Opening Br. at 3-6; *see also* UBS's Reply Memorandum in Further Support of Its Motion to Dismiss, dated Feb. 11, 2008 ("UBS Reply Br.") at 1-4.) Nor can Finish Line establish that the purchase price may be severed from the Merger Agreement using the Agreement's severability clause. (UBS Opening Br. at 6-8; UBS Reply Br. at 5-6.) In any event, there is *no* certainty that any negotiations between Finish Line and Genesco would ultimately result in a new agreement that obtains the necessary board and/or shareholder approvals. *See E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177-78 (2d Cir. 2001).

3

alleged future breach of contract). The issues raised by Counts IV and V would require the Court to render an advisory opinion and, for that reason, the Counts are non-justiciable.[2]

---

[2]  Count VI, in which Finish Line requests that the Court set an acquisition price that would not result in an insolvent combined entity, similarly is not justiciable and would result in an impermissible advisory opinion. (*See* UBS Opening Br. at 8-9.) Because the Court has no authority to resolve the appropriate price, any ruling in Finish Line's favor on Counts IV and V would still leave unresolved whether UBS would have any obligation to fund any particular renegotiated deal. Any subsequent negotiations may or may not be successful and, even if they were to succeed, the resulting new merger agreement may give rise to a host of unexplored legal issues that are impossible to predict—issues that could lead to new litigation over solvency or other conditions to closing. Indeed, the parties would have to come back to this Court to adjudicate rights under the Commitment Letter in the event Finish Line and Genesco were to renegotiate price—whether or not the Tennessee Court was asked to adjudicate rights between Finish Line and Genesco under the Merger Agreement.

## CONCLUSION

Accordingly, the Court should dismiss Counts IV and V of the Counterclaims for lack of justiciability. Alternatively, the Court should dismiss these Counts for failure to state a claim, for the reasons set forth in UBS's memoranda in support of its motion to dismiss.

Dated: February 15, 2008
New York, New York

Respectfully submitted,

By: _____
Alexandra A.E. Shapiro (AS-4816)
Joseph J. Frank (JF-0669)
Blair Connelly (BC-0237)
Eric S. Olney (EO-7324)
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
(212) 906-1316

J. Christian Word (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304

*Attorneys for Defendants UBS Securities LLC and UBS Loan Finance LLC*