```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UBS SECURITIES LLC, and UBS LOAN    :
FINANCE LLC,                        :
                                    :
     Plaintiffs/Counter-Defendants, :   07 Civ. 10382 (LAP)
                                    :
     -v-                            :   MEMORANDUM AND ORDER
THE FINISH LINE, INC.,              :
                                    :
     Defendant/Counter-Plaintiff,   :
                                    :
and                                 :
                                    :
GENESCO INC.,                       :
                                    :
     Defendant.                     :
                                    :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/27/08

LORETTA A. PRESKA, U.S.D.J.

The parties have raised two issues in advance of trial. The first is a request by UBS to file a motion for summary judgment. The second is whether Genesco remains a proper party to this suit.

I.   UBS's Proposed Motion for Summary Judgment

Prior to the issuance of this Court's Memorandum and Order of February 22, 2008, UBS requested leave to file a motion for summary judgment. The motion was based on Finish Line's financial controller's deposition testimony that the a Finish Line-Genesco entity merged at $54.50 per Genesco share would not be able to pay its debts as they came due in fiscal year 2009,

rendering the company insolvent.[1] Based on this testimony, UBS believed that no genuine issue of material fact existed on the issues of (1) whether the merged entity would, in fact, be insolvent ("substantive insolvency"), and (2) whether Finish Line would be able to comply with the Commitment Letter's requirement that Finish Line deliver to UBS a valid solvency certificate. See Commitment Letter, Annex IV ¶ 7. The proposed motion, however, has been mooted by the position that Finish Line has taken regarding the delivery of the solvency certificate. Finish Line has stated that if this Court determines – after hearing all of the evidence – that the merged entity will be solvent, then Finish Line will issue the requested solvency certificate based on such a finding.[2]  Thus UBS's motion for summary judgment is premature because the delivery of the solvency certificate is now tied to the factual question of substantive solvency which will be resolved at trial.[3]

---

[1] See UBS Feb. 20, 2008 Letter.

[2] See Finish Line Feb. 25, 2008 Letter ("Finish Line will issue a solvency certificate if the Court determines that the merged entity would be solvent at $54.50 per share.").

[3] UBS has not challenged the legal basis for Finish Line's position.

II. Genesco's Request to Be Dismissed From The Case

On February 25, at 6:03 p.m., the Court received a request from Genesco to be dismissed from this litigation because "it is not a proper party." Genesco's letter argues that in light of Finish Line's deposition testimony admitting that a merged entity will not be solvent at $54.50 per share, there is no longer a case or controversy for the Court to decide and that Genesco is no longer an "interested party" under Fed. R. Civ. P. 19. Though Genesco did not bring it to the Court's attention, yesterday Genesco also apparently attempted to file suit against UBS in Tennessee in order to litigate these very issues.[4] The Court rejects Genesco's eve-of-trial request for dismissal for three reasons.

First, Genesco's latest position is contrary to the position it has taken throughout this litigation. Perhaps, in a moment of candor, it now admits that it is only because Finish Line has come to a different conclusion from Genesco with respect to solvency at $54.50 that Genesco now wants to take its marbles and go to Tennessee to play. From the very outset of this case, Genesco has sought to litigate the issue of substantive solvency. See, e.g., Answer of Genesco Inc. ¶ 41

---

[4] See UBS Feb. 26, 2008 Letter.

(denying that the combined entity would be insolvent and therefore there would be a the failure of a closing condition); Answer of Genesco Inc. ¶ 42 (denying that other identified terms and conditions unrelated to solvency had failed); Genesco Mot. Mem. at 1 ("The Tennessee Court . . . has asked this Court to decide [the] issue of solvency.");[5] Genesco Mot. Mem. at 3 ("The only issue for this Court to resolve is the solvency of the Combined Entity during the appropriate period."); Genesco Mot. Mem. at 6 (noting that Genesco would not object to this Court's determination of the debt level at which the Combined Entity would be solvent). That Genesco has taken these positions should hardly come as a surprise because the Tennessee Chancery Court explicitly carved out the issue of (1) substantive solvency, and (2) the legal consequences of such solvency for resolution in this Court. See Genesco, Inc. v. The Finish Line, Inc. et al., Civil No. 07-2137-II (III) (20th Div. Tenn. Chancery Ct. Dec. 27, 2007) ("Tennessee Order") ("[I]nsolvency proof of the combined entities was not provided to this Court. That issue has been reserved and carved out of this litigation for the New York Court to decide. If the combined companies would result in an insolvent entity, the New York lawsuit by UBS will halt the merger."); Genesco, Inc. v. The Finish Line, Inc. et al., Civil

---

[5] "Gen. Mot. Mem." refers to Genesco, Inc.'s Memorandum of Law in Support of Motion to Dismiss or Abstain, dated February 6, 2008.

No. 07-2137-II (III) (20th Div. Tenn. Chancery Ct. Jan. 2, 2008) at 1-2 ("The parties agreed prior to trial that the issue of insolvency would be determined by the New York Court in the lawsuit filed by UBS . . . the issue of insolvency and the implications of the determination of that issue for this lawsuit, then, are not ripe and depend upon developments in the New York lawsuit.").

Perhaps recognizing the unusual nature of its reversal, Genesco explains:

> Having been joined by UBS in its amended complaint, Genesco was willing to participate in this action to assist Finish Line in fulfilling its obligations under the Merger Agreement and to cooperate in producing a realistic set of projections for the Combined Entity. But Finish Line has now reversed itself and agreed with UBS that the Combined Entity will be insolvent at the agreed-upon merger price.

(Genesco Feb. 25, 2008 Letter at 1.) Needless to say, Genesco's change of heart is not a sufficient reason for dismissal, much less the forum shopping it seems intent on engaging in.

Second, the fact that Genesco is not a party to the Commitment Letter does not render it an uninterested party in the outcome of the substantive insolvency determination. Even if Genesco had not been joined at the outset of this case, see am. compl. ¶ 12 ("Defendant Genesco is added to this action as an interested party pursuant to Fed. R. Civ. P. 19 and 20"), the Court has the authority, in any event, to join it either under

Fed. R. Civ. P. 19(a) ("If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff") or Fed. R. Civ. P. 20(a) (persons may be joined as defendants even if plaintiff or defendant is not interested in all of the relief demanded, so long as there is any question of law or fact common to all defendants).[6] Thus while Genesco was not a party to the Commitment Letter, it retains an interest in this Court's adjudicating the question of the merged entity's solvency at $54.50 and will have every opportunity to present evidence and argue the question. Even construing Genesco's request for dismissal as a motion pursuant to Fed. R. Civ. P. 21 (which it is not), the motion is, in any event, untimely because discovery has closed and trial is set to commence in less than a week. See, e.g., Chavez v. Ill. State Police, 251 F.3d 612, 631 (7th Cir. 2001) (Rule 21 motion untimely where fact discovery had closed, a final pretrial order was scheduled to be filed, and trial date was set). Thus it would not be "just" under Rule 21 to dismiss Genesco on the eve of trial, permitting it to attempt to litigate in Tennessee issues of solvency that it has

---

[6] See 7 C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1616 ("[C]ourts in actions seeking declaratory relief should attempt to join absentees whose joinder is feasible whenever their interests may be affected by the outcome or their presence is needed to adjudicate the dispute effectively.") (emphasis added).

consented to litigating here and which the Tennessee Court has explicitly permitted to be litigated here.

Finally, mindful of its obligation to monitor subject matter jurisdiction, the Court notes that there remains a "case or controversy" here. First, Genesco has a sufficient interest in adjudicating the question of substantive solvency at $54.50 regardless of the position that Finish Line takes on that question in order to satisfy the case and controversy requirement. Second, Finish Line, Genesco, and UBS all have an interest in adjudicating the issue of whether UBS has a continuing obligation to fund the merger at a lower price. Thus, the parties in this case have adverse legal interests, and there is an "actual controversy" for the purposes of the Declaratory Judgment Act and Article III. See 10B C. Wright, A. Miller, and M. Kane § 2757 ("For there to be an actual controversy the defendant must be so situated that the parties have adverse legal interets."). For the same reason, there is no threat of a "collusive judgment" against Genesco, which remains a proper party to the suit.

III. Conclusion

To summarize, the following issues must be resolved at trial:

- First, whether the merged entity will be solvent at $54.50.

- Second, if the merged entity will not be solvent at $54.50, whether UBS has a continuing obligation to finance the merger at a lower share price.

SO ORDERED:

Dated:    New York, New York
          February 26, 2008

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.